**IT IS ORDERED as set forth below:**



**Date: March 6, 2026**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| THON L LUONY GOAK, | ) | CASE NO. 26-50166- LRC |
| | ) | |
| | ) | |
| Debtor. | ) | |

### ORDER DENYING MOTION FOR STAY PENDING APPEAL

Before the Court is the Emergency Motion for Stay Pending Appeal (Doc. 32, the "Motion"), filed by Thon L. Luony Goak ("Debtor"). KAD Capital LLC ("KAD") opposes the Motion (Doc. 39). The Motion requests a stay pending appeal of an order entered February 9, 2026 (Docs. 33 and 34, the "Order"). In

the Order, the Court granted KAD's motion for relief from the automatic stay (the "Motion for Relief, Doc. 29). Specifically, the Court lifted the automatic stay to permit KAD, the owner of certain real property—6408 Radiant Trace, Atlanta, Georgia (the "Property")—to continue eviction proceedings to remove Debtor from the Property. The Court held a hearing on the Motion on January 21, 2026, at which counsel for Michael Bargar (the "Trustee"), in his capacity as the Chapter 7 Trustee of Debtor's bankruptcy estate, appeared and requested additional time to investigate and conduct a § 341 meeting of creditors. The Court continued the hearing on the Motion to February 5, 2026. The Trustee did not appear at the continued hearing, did not express interest in the Property, and represented to counsel for KAD that he did not oppose the Motion for Relief.

## **Procedural History**

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 5, 2026. On January 13, 2026, KAD filed the Motion for Relief, asserting that KAD owned the Property as the result of a foreclosure sale held on January 6, 2026. KAD also contended that, prior to that foreclosure sale, Debtor's single-member limited liability company, Goak Properties, LLC ("Goak LLC") owned the Property and that the Property was subject to a security deed securing a debt owed to KAD, upon which KAD had not received payment since November 2024. Further, KAD alleged that Goak LLC had filed a previous

Chapter 11 case, in which Goak LLC had confirmed a plan of reorganization. *See* Case Number 25-54948-LRC, Doc. 39 (the "Plan"). According to Goak LLC's disclosure statement, Goak LLC is 100% owned by Debtor, was formed in 2020 for the purpose of acquiring real property for rental and investment purposes, purchased the Property in 2021, and planned to fund its confirmed Chapter 11 plan by refinancing the obligation owed to KAD and by continuing the rent out the Property. Post-confirmation, however, Goak LLC failed to comply with the terms of the Plan, and KAD resumed foreclosure proceedings against the Property.[1]

In an effort to stop KAD from foreclosing on the Property, Debtor filed this Chapter 7 case. After requesting a continuation of the hearing on the Motion for Relief, the Trustee conducted the § 341 meeting of creditors and reported to counsel for KAD that he did not oppose the Motion for Relief, indicating that the Trustee found Debtor did not have an interest in the Property that could be liquidated for the benefit of Debtor's creditors.

## Conclusions of Law

Rule 8007 provides, in pertinent part, that a party, ordinarily, must move

---

[1] The Plan provided default remedies that included the ability to exercise state law rights upon notice to Debtor and a 10-day opportunity to cure the default. *See* the Plan, §§ 2.3, 4.2 ("In the event of an uncured default following proper Default Notice procedures and opportunity to cure pursuant to Article 2.3 of the Plan, KAD may do any one or more of the following: (a) enforce the entire amount of its then outstanding Class 2 Secured Claim; (b) exercise any and all rights and remedies it may have under applicable non-bankruptcy law regarding the Class 2 Secured Claim; and (c) seek such relief as may be appropriate in the Bankruptcy Court.

first in the bankruptcy court for "stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1). "The decision as to whether or not to grant such a stay lies within the sound discretion of the court," *Matter of Webb*, 2017 WL 5125538, at *1 (Bankr. N.D. Ga. Nov. 3, 2017) (Drake, J.), and a stay pending appeal is an "exceptional response granted only upon a showing of four factors." *Garcia–Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *see also In re Brampton Plantation, LLC*, 2011 WL 7268054, at *1 (Bankr. S.D. Ga. Nov. 22, 2011). "In determining whether a discretionary stay should be granted, courts have adopted a test comprised of four factors: (1) the likelihood that the movant will prevail on the merits of appeal; (2) whether, absent a stay, the movant will suffer irreparable damage; (3) whether the adverse party will suffer no substantial harm from the issuance of the stay; and (4) whether the public interest will be served, rather than disserved, by issuing the stay. *Webb*, 2017 WL 7268054, at *1 (citing *In re Arnal*, 2003 WL 22709326, at *1 (Bankr. S.D. Ga. 2003)). "Ordinarily, the first factor, likelihood of success on appeal, carries the most weight when determining whether to grant a stay pending appeal." *Id*. If the "'balancing of the equities' (factors two through four) weighs heavily in favor of granting the stay, the movant need only show a substantial case on the merits." *Id*.; *see also In re Rabin*, 2007 WL 1098785, at *1 (Bankr. S.D. Fla. Apr. 9, 2007) ("Although the appellant must typically show that success on the

merits is 'likely or probable,' a stay may nevertheless be issued where the appellant demonstrates that his or her chances of success are merely 'substantial' so long as a strong showing weighing heavily in the appellant's favor is made on the latter three elements."). "At a minimum, . . . the movant must show 'serious questions going to the merits'" by providing "'new information, authority or analysis to persuade the Court to reconsider its [prior] decision.'" *In re Moore*, 2020 WL 5633081, at *5 (Bankr. S.D. Ga. Aug. 27, 2020) (quoting *In re Bullock*, 603 B.R. 411, 416 (Bankr. S.D. Ill. 2019)).

After considering these factors below, the Court concludes that Debtor's request for a stay pending appeal of the Order should be denied. Debtor has not met his burden of showing a "probable" likelihood of success on the merits on appeal or even that he has a "substantial case on the merits." Even if Debtor could show a substantial case on the merits, the remaining factors do not support a stay.

This Court's decision to lift the automatic stay "is discretionary; a district court may only overturn the decision for abuse of discretion." *In re Watkins*, 2008 WL 708413, at *2 (E.D.N.Y. Mar. 14, 2008) (citing *In re Bogdanovich*, 2000 WL 1708163, at *4 (S.D.N.Y. Nov. 14, 2000); *In re Boodrow*, 126 F.3d 43, 47 (2d Cir.1997)). The Court abuses its discretion "when it bases its decision on an erroneous view of the law or clearly erroneous factual findings." *Id*. (citing *Sears*,

*Roebuck, and Co. v. Spivey*, 265 B.R. 357, 364 (E.D.N.Y. 2001)). "Findings of fact may be considered clearly erroneous only if the reviewer is left with a 'definite and firm conviction that a mistake has been committed.'" *Id*. (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). "A bankruptcy court also abuses its discretion if it commits a clear error of judgment." *Id*.

The Court did not rely on an erroneous view of the law or commit a clear error of judgment in this case. This is a Chapter 7 case, in which the Trustee evaluated Debtor's financial circumstances and determined that Property could not be administered for the benefit of Debtor's creditors. *See generally In re HRN Grp., LLC*, 2020 WL 6712238, at *6–7 (N.D. Ga. Nov. 13, 2020) (affirming the bankruptcy court's lifting of the stay where the Chapter 7 debtor had no equity in property and noting that the bankruptcy court correctly explained during the hearing on the motion to lift the stay that "'in a Chapter 7 [bankruptcy], the purpose is for the trustee to collect the assets that have any value, sell them if they have value, and distribute the money,'" that Chapter 7 "'is not the chapter which allows the debtor to save their home or save a piece of property, because there's no mechanism for doing that,'" and when the Chapter 7 trustee has no interest in a particular piece of property, "'although there may be disputes between the parties about what should happen next . . . the [P]roperty is not something that needs to be

preserved in the bankruptcy estate,'" and the automatic stay should be lifted to allow the "'parties to continue their litigation elsewhere'"). In the Motion, Debtor has not even attempted to articulate a legal basis for the reversal of the Order. Debtor simply says, without elaboration, that his appeal raises serious legal questions. Just as in the *HRN Group* case, this Court "did not abuse its discretion in modifying the stay," *id.*, and Debtor has presented no new information, authority, or analysis that would persuade the Court that granting stay relief was improper.

Even if Debtor had demonstrated a substantial case on appeal, Debtor has not shown that the balance of the other factors supports the imposition of a stay. As to a showing irreparable harm, "[i]rreparable harm must be neither remote nor speculative, but actual and imminent," and an "injury that may be fully remedied by monetary damages does not constitute irreparable harm." *In re Winters*, 2019 WL 1399854, at *5 (Bankr. D. Utah Mar. 26, 2019). Debtor asserts that his appeal will become moot if he is evicted from the Property. While that may be the case, the possibility that an appeal will become moot is not *per se* an irreparable injury, especially in a case such as this, where Debtor has no likelihood of success on the merits of the appeal. *See In re BGM Pasadena, LLC*, 2016 WL 3212243, at *8 (C.D. Cal. June 2, 2016) (noting that "'[i]t is well settled that an appeal being rendered moot does not itself constitute irreparable harm'"); *In re*

*473 W. End Realty Corp.,* 2014 WL 2213082, at *2 (S.D.N.Y. May 12, 2014); *In re David X. Manners Co. Inc.*, 2018 WL 2325758, at *3 (Bankr. D. Conn. May 22, 2018) ("If the movant cannot demonstrate a substantial possibility of success on the merits, he cannot be irreparably harmed if no stay is granted because any loss of rights 'is inevitable and is not an irreparable harm that would be caused by the denial of a stay.'"); *In re 22 Saulsbury, LLC*, 2015 WL 661396, at *2 (D. Del. Feb. 13, 2015) ("Given the conclusion that Appellant is unlikely to succeed on the merits, Appellant cannot demonstrate that it will suffer irreparable harm if the stay is denied."). Additionally, it is probable that Debtor's appeal of the Order will, in any event, be mooted by the termination of the automatic stay by operation of law when Debtor receives his discharge, and that is likely to occur before the appeal is resolved. *See* 11 U.S.C. § 362(c)(2) (stating that a "stay of any other act under [§ 362(a)] continues until the earliest of-- (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied")*; see also In re Scott*, 605 B.R. 372, 380 (Bankr. W.D. Pa. 2019).

An eviction is also not the "more probable or likely outcome" if the order is not stayed, as there is no certainty that an eviction will occur. The Court merely lifted the stay to allow the parties to address their dispute in an alternative forum.

Debtor maintains his right to raise his defenses to eviction in the dispossessory proceeding, to seek a determination in an appropriate forum as to whether the foreclosure of the Property was lawful, and to appeal any adverse determination made in those proceedings. *See In re Brookfield Ctr. Ltd. P'ship*, 133 B.R. 74, 76 (Bankr. E.D. Va. 1991). And even if Debtor is evicted from the Property, the eviction will not result in irreparable injury to Debtor, as Debtor can be compensated with monetary damages if he prevails in an alternative forum. *See In re BGM Pasadena, LLC*, 2016 WL 3212243, at *8 (C.D. Cal. June 2, 2016) ("The mere possibility of a potential foreclosure on an as-yet unknown future date is not sufficient grounds for finding that irreparable harm is 'the more probable or likely outcome if the stay is not granted.'"); *In re Richmond,* 2014 WL 5100705, at *4, 2014 Bankr. LEXIS 4332, at *10–11 (Bankr. E.D.N.Y. Oct. 10, 2014) ("'[A]bsent special circumstances, the sale of commercial property does not create an irreparable harm, since any harm due to the sale of the property or interference with the business can be remedied with monetary damages.'"); *Asheville Bldg. Assocs. v. Carlyle Real Est. Ltd. P'ship, VIII*, 93 B.R. 920, 923 (W.D.N.C. 1988) (holding that debtor failed to show irreparable harm would result if a stay pending appeal was not granted because debtor had several remedies available to prevent the loss of a property to foreclosure, including bidding at the foreclosure sale or finding and producing potential bidders, and the

only harm debtor alleged was a loss of equity, "which is a monetary injury that is, by its nature, not irreparable"). Even assuming Debtor has demonstrated irreparable injury, a "stay is not a matter of right, even if irreparable injury might otherwise result"; "[i]t is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case.'" *In re Simpson*, 2018 WL 1940378, at *3 (Bankr. D. Vt. Apr. 23, 2018) (quoting *Nken v. Holder*, 556 U.S. 418, 433, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009)). Given the lack of showing on any of the other factors, the Court finds that the circumstances of this case do not warrant a stay, even if an eviction is certain to occur and would moot Debtor's appeal.

The Motion makes no attempt to demonstrate that KAD will not be harmed by the imposition of a stay or that the public interest favors a stay. In fact, the Court concludes that a stay would harm KAD. KAD has not received payment on its debt since November 2024. It has been through one failed Chapter 11 proceeding, in which it participated through counsel. The Court agrees with KAD that it "should not be forced to stop and later restart its non-bankruptcy court proceedings" or to incur the costs that would surely accompany a further delay in its ability to recover and liquidate its collateral. *See In re 473 W. End Realty Corp.*, 507 B.R. 496, 508 (Bankr. S.D.N.Y. 2014); *In re Magnale Farms, LLC*, 2018 WL 1664849, at *5 (Bankr. N.D.N.Y. Apr. 3, 2018) ("The Court is

particularly cognizant of both the interests of judicial economy and the finality of litigation."); *Simpson*, 2018 WL 1940378, at *10 (noting that, "in the case of an undersecured creditor, courts have made a finding of substantial harm where interest, real estate tax debts and additional expenses were continuing to accrue, to the detriment of the party opposing the stay").

Likewise, public policy does not support the imposition of a stay that would enable Debtor to continue to avoid the repercussions of Goak LLC's failure to comply with its confirmed plan of reorganization. *See Magnale Farms, LLC*, 2018 WL 1664849, at *7 ("The Court is particularly cognizant of both the interests of judicial economy and the finality of litigation."). Instead, allowing KAD to avail itself of the default remedies it bargained for during Goak LLC's Chapter 11 case benefits the public interest in the speedy and efficient resolution of cases. *See Simpson*, 2018 WL 1940378, at *12.

## Conclusion

Because Debtor has failed to demonstrate the factors required to obtain a stay pending appeal, the Court finds that the Motion must be, and hereby is, **DENIED**.

END OF DOCUMENT

**Distribution List**

Bruce Z. Walker
Cohen Pollock Merlin Turner, PC
Suite 1600
3350 Riverwood Parkway
Atlanta, GA 30339-6401

Thon L Luony Goak
6408 Radiant Trace
Sandy Springs, GA 30328

Michael J. Bargar
Rountree Leitman Klein & Geer LLC
Century Plaza
2987 Clairmont Road, Suite 350
Atlanta, GA 30329